# Supreme Court of Florida

_____

No. SC22-1715

_____

## IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE 1.070 AND 1.650.

January 19, 2023

PER CURIAM.

In response to recent legislation, the Florida Bar's Civil Procedure Rules Committee (Committee) has filed a "fast-track" report proposing amendments to Florida Rules of Civil Procedure 1.070 (Process) and 1.650 (Medical Malpractice Presuit Screening Rule).[1]  The amendments implement changes to chapters 48 and 766, Florida Statutes, made by chapter 2022-190, Laws of Florida, which took effect on January 2, 2023.  *See* ch. 2022-190, §§ 8, 17, Laws of Fla.

The Board of Governors of The Florida Bar unanimously approved the Committee's proposal.  The Committee did not publish

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

its proposal before filing it with the Court. After considering the Committee's proposal and the relevant legislation, we amend the Florida Rules of Civil Procedure as proposed by the Committee.

In rule 1.070, the title of subdivision (d) is changed from "Service by Publication" to "Service by Publication or Any Other Means," and "or any other means" is added after "[s]ervice of process by publication" within subdivision (d).

Throughout rule 1.650, references to "notice" are amended to "service of a notice." Subdivisions (b)(1) and (d)(1) are amended to reflect that a claimant may serve a notice of intent to initiate litigation by any of the means provided in section 766.106(2)(a), Florida Statutes (2022), as opposed to only by certified mail. Also, subdivision (b)(3) is amended to provide that if service is challenged in the first response to the complaint, the court must conduct an evidentiary hearing as provided by section 766.106(2)(b)(2).

Accordingly, the Florida Rules of Civil Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not

published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

---

2. All comments must be filed with the Court on or before April 4, 2023, with a certificate of service verifying that a copy has been served on the Committee Chair, Lance V. Curry III, Paul Knopf Bigger, 511 West Bay Street, Suite 450, Tampa, Florida 33606, lance@pkblawfirm.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until April 25, 2023, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Landis V. Curry III, Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

## RULE 1.070.   PROCESS

(a)   **Summons; Issuance.** ~~Upon~~On the commencement of the action, summons or other process authorized by law ~~shall~~must be issued forthwith by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service without praecipe.

(b)   **Service; By Whom Made.** Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process ~~shall~~must make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service ~~shall~~will not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance ~~shall~~must be entitled to such additional process against the unserved party as is required to effect service.

(c)   **Service; Numerous Defendants.** If there is more than 1 defendant, the clerk or judge ~~shall~~must issue as many writs of process against the several defendants as may be directed by the plaintiff or the plaintiff's attorney.

(d)   **Service by Publication or Any Other Means.** Service of process by publication or any other means may be made as provided by statute.

(e)   **Copies of Initial Pleading for Persons Served.** At the time of personal service of process a copy of the initial pleading ~~shall~~must be delivered to the party ~~up~~on whom service is made. The date and hour of service ~~shall~~must be endorsed on the original process and all copies of it by the person making the service. The party seeking to effect personal service ~~shall~~must furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings ~~shall~~must be furnished to the clerk and mailed by the clerk with the notice of

- 5 -

action to all parties whose addresses are stated in the initial pleading or sworn statement.

**(f)** **Service of Orders.** If personal service of a court order is to be made, the original order ~~shall~~must be filed with the clerk, who ~~shall~~must certify or verify a copy of it without charge. The person making service ~~shall~~must use the certified copy instead of the original order in the same manner as original process in making service.

**(g)** **Fees; Service of Pleadings.** The statutory compensation for making service ~~shall~~will not be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.

**(h)** [No Change]

**(i)** **Service of Process by Mail.** A defendant may accept service of process by mail.

(1) [No Change]

(2) A plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request ~~shall~~must:

(A)-(B) [No Change]

(C) be accompanied by a copy of the complaint and ~~shall~~must identify the court in which it has been filed;

(D)-(G) [No Change]

(3) If a defendant fails to comply with a request for waiver within the time provided herein, the court ~~shall~~must impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown.

(4) A defendant who, before being served with process, timely returns a waiver so requested is not required to respond to the complaint until 60 days after the date the defendant received

the request for waiver of service. For purposes of computing any time prescribed or allowed by these rules, service of process ~~shall~~will be deemed effected 20 days before the time required to respond to the complaint.

(5) When the plaintiff files a waiver of service with the court, the action ~~shall~~must proceed, except as provided in subdivision (i)(4) above, as if a summons and complaint had been served at the time of filing the waiver, and no further proof of service ~~shall be~~is required.

**(j)     Summons; Time Limit.** If service of the initial process and initial pleading is not made ~~up~~on a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, ~~shall~~must direct that service be effected within a specified time or ~~shall~~must dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court ~~shall~~must extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties ~~shall~~will begin ~~up~~on the entry of an order granting leave to amend. A dismissal under this subdivision ~~shall~~will not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

## Committee Notes

**1971 Amendment-2003 Amendment.** [No Change]

**RULE 1.650.   MEDICAL MALPRACTICE PRESUIT SCREENING RULE**

**(a)**   [No Change]

**(b)   Service of Notice of Intent to Initiate Litigation.**

(1)   Before filing a complaint for medical negligence, a claimant must serve a n~~N~~otice of intent to initiate litigation on each prospective defendant by any of the verifiable means provided by section 766.106(2)(a), Florida Statutes.~~sent by certified mail to and received by~~ A notice served on any prospective defendant ~~shall~~must operate as notice to ~~the person~~that prospective defendant and any other prospective defendant who bears a legal relationship to the prospective defendant ~~receiving~~served with the notice. The notice ~~shall~~must make the ~~recipient~~served prospective defendant a party to the proceeding under this rule.

(2)   The notice ~~shall~~must include the names and addresses of all other parties and ~~shall~~must be sent to each party.

(3)   ~~The court shall decide the issue of receipt of notice when raised in a motion to dismiss or to abate an action for medical malpractice~~If, during subsequent litigation, service is challenged in the first response to the complaint, the court must conduct an evidentiary hearing as provided by section 766.106(2)(b)(2), Florida Statutes.

**(c)   Discovery.**

(1)   *Types.* ~~Upon receipt by~~After a prospective defendant ~~of~~has been served with a notice of intent to initiate litigation, the parties may obtain presuit screening discovery by ~~one~~1 or more of the following methods: unsworn statements ~~up~~on oral examination; production of documents or things; physical examinations; written questions; and unsworn statements of treating health care providers. Unless otherwise provided in this rule, the parties ~~shall~~must make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal of claims or defenses ultimately asserted.

- 8 -

(2)   *Procedures for Conducting.*

(A)   Unsworn Statements. Any party may require other parties to appear for the taking of an unsworn statement. The statements ~~shall~~<u>must</u> only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party ~~shall~~<u>must</u> give reasonable notice in writing to all parties. The notice ~~shall~~<u>must</u> state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party ~~shall~~<u>must</u> be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may be transcribed or electronically recorded, or audiovisually recorded. The taking of unsworn statements of minors is subject to the provisions of rule 1.310(b)(8). The taking of unsworn statements is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses ~~shall~~<u>must</u> be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

(B)   Documents or Things. At any time after ~~receipt by a party~~<u>service</u> of a notice of intent to initiate litigation <u>on a prospective defendant</u>, a party may request discoverable documents or things. The documents or things ~~shall~~<u>must</u> be produced at the expense of the requesting party within 20 days of ~~the date of receipt~~<u>serving</u> ~~of~~ the request. A party is required to produce discoverable documents or things within that party's possession or control. Copies of documents produced in response to the request of any party ~~shall~~<u>must</u> be served on all other parties. The party serving the documents ~~shall~~<u>must</u> list the name and address of the parties ~~up~~on whom the documents were served, the date of service, the manner of service, and the identity of the document served in the certificate of service. Failure of a party to comply with the above time limits ~~shall~~<u>must</u> not relieve that party of its obligation under the statute but ~~shall~~<u>must</u> be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

(C)  Physical Examinations. ~~Upon receipt by~~After a ~~party of~~prospective defendant has been served with a notice of intent to initiate litigation and within the presuit screening period, a party may require a claimant to submit to a physical examination. The party ~~shall~~must give reasonable notice in writing to all parties of the time and place of the examination. Unless otherwise impractical, a claimant ~~shall~~must be required to submit to only one examination on behalf of all parties. The practicality of a single examination ~~shall~~must be determined by the nature of the claimant's condition as it relates to the potential liability of each party. The report of examination ~~shall~~must be made available to all parties ~~upon~~ payment of the reasonable cost of reproduction. The report ~~shall~~must not be provided to any person not a party at any time. The report ~~shall~~must only be used for the purpose of presuit screening and the examining physician may not testify concerning the examination in any subsequent civil action. All requests for physical examinations or notices of unsworn statements ~~shall~~must be in writing and a copy served ~~upon~~ all parties. The requests or notices ~~shall~~must bear a certificate of service identifying the name and address of the person ~~upon~~ whom the request or notice is served, the date of the request or notice, and the manner of service. Any minor required to submit to examination ~~pursuant to~~under this rule ~~shall~~must have the right to be accompanied by a parent or guardian at all times during the examination, except ~~upon~~ a showing that the presence of a parent or guardian is likely to have a material, negative impact on the minor's examination.

(D)  Written Questions. Any party may request answers to written questions, the number of which may not exceed 30, including subparts. The party to whom the written questions are directed ~~shall~~must respond within 20 days of ~~receipt~~service of the questions. Copies of the answers to the written questions ~~shall~~must be served on all other parties. The party serving the answer to the written questions shall list the name and address of the parties ~~upon~~ whom the answers to the written questions were served, the date of service, and the manner of service in the certificate of service. Failure of a party to comply with the above time limits ~~shall~~will not relieve that party of its obligation under the statute, but ~~shall~~will be evidence of failure of that party to comply

with the good faith requirements of section 766.106, Florida Statutes.

(E)     Unsworn Statements of Treating Healthcare Providers. A prospective defendant or his or her legal representative may also take unsworn statements of the claimant's treating healthcare providers. The statements must be limited to those areas that are potentially relevant to the claim of personal injury or wrongful death. Subject to the procedural requirements of ~~paragraph~~subdivision (c)(2)(A), a prospective defendant may take unsworn statements from claimant's treating health care providers. The statements ~~shall~~must only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of treating healthcare providers ~~shall~~must give reasonable notice in writing to all parties. The notice ~~shall~~must state the time and place for taking the statement and the name and address of the treating healthcare provider to be examined. Unless otherwise impractical, the examination of any treating healthcare provider ~~shall~~must be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement of treating healthcare providers. Statements may be transcribed or electronically recorded, or audiovisually recorded. The taking of unsworn statements of a treating healthcare provider is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses ~~shall~~will be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

(3)     *Work Product.* Work product generated by the presuit screening process that is subject to exclusion in a subsequent proceeding is limited to verbal or written communications that originate ~~pursuant to~~under the presuit screening process.

**(d)     Time Requirements.**

(1)     <u>Before the expiration of any applicable statute of limitations or statute of repose, t</u>~~T~~he notice of intent to initiate litigation ~~shall~~must be ~~served by certified~~ mail<u>ed to the prospective</u>

- 11 -

defendant as provided in sections 766.106(2)(a)1.–3., Florida Statutes, or an attempt to serve the prospective defendant must be made in accordance with section 766.106(2)(a)4., Florida Statutes, return receipt requested, prior to the expiration of any applicable statute of limitations or statute of repose. If an extension has been granted under section 766.104(2), Florida Statutes, or by agreement of the parties, the notice shall be servedmust be mailed or service first attempted within the extended period.

(2)    The actionA suit may not be filed against any prospective defendant untilfor a period of 90 days after the notice of intent to initiate litigation was maileddelivered to that party. The actionA suit may be filed against any party at any time after the notice of intent to initiate litigation has been mailedserved and after the claimant has received a written rejection of the claim from that party.

(3)    To avoid being barred by the applicable statute of limitations, an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the notice of intent to initiate litigation was receivedserved, whichever is longer, after the earliest of the following:

(A)    The expiration of 90 days after the date of receiptservice of the notice of intent to initiate litigation.

(B)    The expiration of 180 days after mailingservice of the notice of intent to initiate litigation if the claim is controlled by section 768.28(6)(a), Florida Statutes.

(C)-(D)    [No Change]


**Committee Notes**

[No Change]